UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLARENCE HEATLEY,<br><br>      Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | 95-CR-515 (LAP)<br><br>20-CV-4854 (LAP)<br><br>15-CV-9534 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, United States District Judge:

  Clarence Heatley was convicted in this District. *See United States v. Heatley*, No. 96-CR-0515-1 (MBM) (S.D.N.Y. June 9, 1999) (ECF No. 461). In 2011, Heatley's criminal matter was reassigned to my docket. Pending before me is his motion to vacate the sentence under 28 U.S.C. § 2255. *See Heatley v. United States*, No. 15-CV-9534 (LAP).

  On June 24, 2020, Heatley filed a motion requesting *pro bono* counsel to assist him with preparing and filing a motion under 28 U.S.C. § 2255. In that motion, Heatley claims that he is entitled to relief under *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Barrett*, 139 S. Ct. 2319 (2019). Heatley did not file a § 2255 motion. Because Heatley only put the criminal docket number on his submission, and not the civil docket number, the Clerk's Office opened the motion as a new civil action, and assigned it this new case number.

  In the criminal context, the right to appointed counsel "extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

District courts do have discretion to appoint counsel. Section 2255(g) expressly provides that a district court "may appoint counsel," and that appointment of counsel is governed by 18 U.S.C. § 3006A. Section 3006A(a)(2) provides that representation may be provided "for any financially eligible person" when "the interests of justice so require."

In determining whether the "interests of justice" require the appointment of counsel, district courts look to *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1985), a Second Circuit case articulating the factors that courts should consider in determining whether to appoint an attorney to represent an indigent civil litigant in an analogous context. *See, e.g., Toron v. United States,* 281 F. Supp. 2d 591, 593 (E.D.N.Y. 2003); *Harrison v. United States,* Nos. 06-CV-261S & 03-CR-0114-001S, 2006 WL 1867929, at *1 (W.D.N.Y. June 30, 2006). *Hodge* dictates that "[i]n deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61. "If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62.

The Court has considered these factors and finds that appointment of counsel is not warranted at this time. Movant does not have a right under the United States Constitution or any other federal law to the appointment of counsel at government expense to assist him in preparing a § 2255 motion. And, while Movant provides the grounds underlying his application for § 2255 relief, it is not clear at this stage whether the interests of justice so require the assignment of counsel.

Accordingly, Heatley's request for counsel is denied without prejudice. Heatley may reapply for appointment of counsel at a later date, after the Court has had more of the relevant facts and legal issues presented to it for its consideration.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Heatley, noting service on the docket. The motion for counsel is denied without prejudice.

The Clerk of Court is further directed to docket the motion for counsel (ECF 1) and this order in the criminal case, No. 96-CR-515-1, and in No. 15-CV-9574. Finally, the Clerk of Court is directed to administratively close this case.

Because Heatley has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 2, 2020
         New York, New York

                                                    _____
                                                    LORETTA A. PRESKA
                                                    United States District Judge