IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CLARENCE HEATLEY,

           Petitioner,                    95-CR-515 (LAP)

-VS-                                      15-CV-9534(LAP)

UNITED STATES OF AMERICA,
            Respondent.

MOTION FOR LEAVE TO AMEND PENDING MOTION UNDER § 2255
TO VACATE CONVICTION AND SENTENCE PURSUANT TO <u>JOHNSON V.
UNITED STATES</u>,135 S.CT.2551,192 L.ED.2D 569 (2015) AND
<u>UNITED STATES V. DAVIS</u>, 139 S.CT. 2319,204 L.ED.2D 757

---

    comes now, the petitioner, Clarence Heatley, Pro Se and respectfully moves this Honorable Court for Leave To Amend his Section 2255 Motion, on the following grounds:

### (A).

    On December 17,1997,the petitioner was indicted for participating in a racketeering enterprise known as the "Preacher Crew".Petitioner, specifically,was charged with participating in the racketeering enterprise in violation of 18 U.S.C. § 1962(c)and(d);conspiracy to commit murder,attempted murder,and murder in aid of racketeering,in violation of 18 U.S.C. § 1959(a)(1)and (5);using and carrying a firearm,in violation of 18 U.S.C. § 924(c);participating in a narcotic distribution conspiracy,in violation of 21 U.S.C. § 846;participating in murders while acting as the principal administrator,organizer,and leader of a continuing criminal enterprise involving narcotics,in violation of 21 U.S.C. § 841(e)(1)(A);and robbery & extortion,in violation of 18 U.S.C. § 1951.

### (B).

    On February 5,1999,the petitioner entered a plea of guilty to each of the following offenses:
# count one-participating in the racketeering enterprise,in violation of 18 U.S.C. § 1962(c);

\# Count Two-conspiracy to violate anti-racketeering laws through participation in the affairs of the Preacher Crew,in violation of 18 U.S.C. § 1962(d);

\# Count Three, Five, Eight, Ten, Twelve,Fourteen, Fifteen, Seventeen, Twenty-Two, Twenty-Four, Twenty-Eight,Thirty-One, and Thirty-Six- conspiracies to murder 13 people and attempted murder of one person,in violation of 18 U.S.C. § 1959(a)(5);

\# Count Four, Six, Nine, Eleven, Thirteen, Sixteen, Eighteen, Nineteen,Twenty-Three,Twenty-Five,Twenty-Nine,Thirty and Thirty-Seven - participation in 13 murders in aid of the Preacher Crew racketeering enterprise,in violation of 18 U.S.C. §1959(a)(1);

\# Count Seven- assault with a dangerous weapon in aid of the Preacher Crew racketeering enterprise,in violation of 18 U.S.C. § 1959(a)(3);

\# Count Forty through Forty-Four- robbery and extortion in violation of 18 U.S.C. § 1951;

\# Count Forty-Six through Fifty-Six- participation in a continuing criminal enterprise involving narcotics,in which the murders referred to above were committed,in violation of 21 U.S.C. § 848(a)(1)(A);

\# Count Sixty-Six through Seventy-Three,Seventy-Five,Seventy-Six,Seventy-Eight and Eighty-One- using and carrying firearms during and in relation to crimes of violence,in violation of 18 U.S.C. § 924(c).

Relevant to the instant petition is counts 4,6,<u>7</u>,9,11,13,15, 16,23,25,29,30, and <u>37</u>,which charged petitioner with **"Murder,Attempted Murder ,or Assult With A Dangerous Weapon"**. See <u>**FEBRUARY 5,1999 PROCEEDING DURING THE PLEA COLLOQUY,BY THE HON. MICHAEL B. MUKASEY.**</u>

(Plea Tr. at13:18-25 at 14:1-25)

**THE COURT:** count Seven charges you with participating in an assault with a dangerous weapon on Anthony Rodriguez for same purpose, that is, either maintaining or increasing your role in that enterprise. That's the charge in count Seven.

**THE DEFENDANT:** yes,your Honor.

**MR. RUHNKE:** Your Honor,I don't mean to interrupt. In structuring this plea,I offer this suggestion. Your Honor has just basically gone through the racketeering part of the indictment.Before you moved on to the Hobbs Act,I'am wondering if it might make more sense to allocute or take a plea with regard to specific sections of the indictment,rather than go through all of what the charges are,and

then return to them for an allocution of what they are.

   **THE COURT:** That's fine.

   **MR. RUHNKE:** Or however the government wants to structure it.

   **THE COURT:** I would rather do it the way you think it ought to be done, because it is your client who is entering the plea and you know best how it makes sense to proceed. But are you suggesting that I stop among the counts that I just enumerated with count Seven?

   **MR. RUHNKE:** Yes, You Honor. We stopped at the racketeering section and, indeed, the government and I also thought it made sense to pick up the--continue--a lot of these offenses are just recurring factual events which qualify under different statutes because they satisfy elements of multiple statutes. And what Ms. McCarthy thought during our informal discussion, and it made sense to me, was that we could begin with the idea of there being a continuing criminal enterprise, which begins in count Forty-Six, that the continuing criminal enterpris structure in many ways satisfies the racketeering structure, and we proceed like--there are an awful lot of counts here.

   **THE COURT:** We all agree on that.

(Plea Tr. at 15:2-25 and at 16:1-5)

   **MS. McCARTHY:** Your Honor, the government suggests you continue doing what you are doing, but that as you get to--when you ask the defendant to allocute, that you first ask the government what our proof would be on each specific act, we would tell you what our proof would be, and then ask the defendant what his plea is and what his allocution would be.

   **MR. RUHNKE:** That's fine.

   **THE COURT:** Is that satisfactory?

   **MR. RUHNKE:** That's fine.

   **THE COURT:** Picking up where I left off, counts Forty-Six through Fifty-Six charge you with participating in a continuing criminal enterprise in connection with which you participated in the intentional killing of Tommy Jones, Jose Rodriguez, Mark Luker, Milton Williams, Charles Whittaker, Paul Singleton, Michael Booker, Hayward Shine, Anthony Boatwright, James Brunson and Robert Riley. Do you understand that?

   **THE DEFENDANT:** Yes, Your Honor.

   **THE COURT:** Finally, counts Sixty-Six through Seventy-Three, Seventy-Five, Seventy-Six, Seventy-Eight and Eighty-One charge you with either using and carrying or causing others to use and carry

firearms in relation to crimes of violence, namely, murder, attempted murder and assaults. Those are the charges in those counts. Do you understand that?

**THE DEFENDANT:** Yes, Your Honor.

### (C)

On June 4,1999, this Honorable Court sentenced petitioner to a mandatory "Life plus 225 years". The petitioner is serving life for "conspiracies to murder 13 people" and attempted murder of one person, in violation of 18 U.S.C. § 1959(a)(5) and for "participation in 13 murders in aid of racketeering enterprise" in violation of 18 U.S.C. § 1959(a)(1). The petitioner now seeks relife under the United States Supreme Court's decision in Johnson v. United States, U.S.-,135 S.Ct.2551(2015) and United States v. Davis, 139 S.Ct.2319(2019).

### CONTENTIONS

The petitioner contends that "conspiracy to commit murder" in aid of racketeering" as charged in the indictment" is not a crime of violence" under the "element clause", and the offenses of "murder, attempted murder, and assault with a dangerous weapon" can not" be used as predicates because petitioner never allocuted to the underlying offenses.

### ARGUMENTS AND SUPPORTING CASE LAW

The petitioner argues that his alleged 'crimes of violence' for murder, attempted murder or assault with a dangerous weapon can not be used as valid predicates because he "did not" admit to murdering 13 people in aid of racketeering enterprise.

The petitioner further argues that he "did not" allocute to willfully, and knowingly used and carried, and caused another to use and carry, a firearm during and in relation to a crime of violence. **See(Plea Allocution at page 22 thru 63)**

**THE COURT:** Ms.McCarty, could you give me a brief summary of what the government's evidence would be on court Forty-Six.

**MS.McCARTY:** Yes, You Honor. What I think--if the court will allow me, I would like to first have Mr.Heatley allocute to the existence of the continued criminal enterprise, his activity as the

leader of the group,as well as the Rico enterprise. And I think that after that, each allocution to each particular incident will follow more naturally.

**THE COURT:** Generally I take a proffer from the government first. Do you want me to take his--

**MS.McCARTY:** Yes, your Honor,and I will do that.

**THE COURT:** So your proffer will relate to which counts?

The petitioner argues that the government's proof on the murder,attempted murder,and assault with a dangerous weapon was never allocuted to in his plea colloquy, and he never admitted to actual murder,attempted murder or assault with a dangerous weapon.See, Biba,2019 U.s. App. Lexis 37646, citing that("he did not state at any point during his allocution that he was the get-away driver or that he took any step towards the commission of the robbery).

The petitioner argues that he only allocuted to conspiracy to commit murder and he never allocuted to counts Sixty-six through Seventy-three,Seventy-five,Seventy-six,Seventy-eight and Eighty-one-using and carrying firearms during and in relation to crimes of violence,in violation of 18 U.S.C. § 924(c). Petitioner argues that legally sufficient proof may include statements made during a plea colloquy because a court may "accept a defendant's own admission as true.See,Id.at 55-56 (quoting United States v. Robinson,799 F.3d 196,199(2d Cir.2015).

The petitioner did not make any reference to firearm used in connection with "murder,attempted murder or assault with a dangerous weapon".

### ACTUAL INNOCENCE

The petitioner finally argues that he is actual innocent of the murder in counts Four,Six,Nine,Eleven,Thirteen,Sixteen,Eighteen,Nineteen,Twenty-three,Twenty-five,Twenty-nine,thirty,Thirty-seven,attempted murder or assault with a dangerous weapon,because he only admitted and confirmed to "conspiracy to commit murder".See, Negron v. United States,99-CR-1044-1 (LDH)(E.D.N.Y.Fed.18,2021)also see,United States v. jose Capriata,12-CR-712/16-CV-4649(SHS)holding that( In determining whether legally sufficient proof exists,courts in this district look to"the conduct to which a defendant allocutes in the course of pleading guilty").Clayton v. United States,456 F.Supp.3d 579(S.D.N.Y.2020).

**WHEREFORE,** the petitioner prays that his conviction on counts 4,6,7,9,11,13,15,16,23,25,29,30,and 37 be **VACATED** in he be released. Dated this 19 day of may,2021.          s/ *Clarence Heatley*

## CERTIFICATE OF SERVICE

I, Clarence Heatley, do hereby certify that a copy of this Motion for Leave To Amend Motion under § 2255 has been mailed to the United States Attorney's Office by prepaid postage on this 19 day of May, 2021.

s/ *Clarence Heatley*
Clarence Heatley, ProSe

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

CLARENCE HEATLEY                                95-CR-515 (LAP)

        Petitioner,

-VS-                                            15-CV-9534 (LAP)

UNITED STATES OF AMERICA,

        Respondent.

MOTION FOR NEW COUNSEL

Comes now the petitioner, Clarence Heatley, pro se and respectfully moves this Honorable Court for a new counsel on the following grounds:

**(1).**

I can't move forward with Mr. J. Pettell, because his view of the law is not up to speed with the major changes in the law and how thoughts changes in the law effect the present legal landscape.

**Therefore,** I respectfully request the appiontment of new counsel.

Dated this 19 day of May, 2021.    s/ Clarence Heatley
                                                    Clarence Heatley 39015054

NAME Clarence Heatley
REG. NO. #39015-054
FEDERAL CORRECTIONAL INSTITUTION
PMB 1000
TALLADEGA, AL 35160

RECEIVED
2021 MAY 24 PM 3:40
CLERK'S OFFICE
S.D.N.Y.

Legal Mail
Legal Mail

MAY 16 2021
Crim. J/R
Ott

CLERK'S OFFICE
S.D.N.Y.

BIRMINGHAM AL
20 MAY 2021 PM

Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

FOREVER USA
FOREVER USA